**Marc J. ROSENTHAL, Appellant,**

v.

**GROCERS SUPPLY CO., INC., Appellee.**

No. 01–97–00325–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 16, 1998.

---

4. Trimble did not file an inventory with the trial court until November 1996.

5. Current version at Tex.R.App. P. 33.1(a).

Richard N. Countiss, Houston, for Appellant.

Brock C. Akers, Evelyn T. Ailts, Kevin G. Corcoran, Houston, for Appellee.

Before COHEN, O'CONNOR and WILSON, JJ.

## OPINION

COHEN, Justice.

Marc Rosenthal sued Grocers Supply Company (Grocers) and others for negligence. Grocers was granted summary judgment. Rosenthal's claims against Grocers were severed, and Rosenthal appeals. We reverse and remand.

### Facts

Grocers contracted with Tommy Cauley d/b/a T.C. Construction and Cauley Co., Inc. (Cauley) to clear a plot of land. Cauley hired Able Demolition to do the job. Bryant Ludke, an employee of Grocers, showed Tommy Cauley the property to be cleared. A few days later on April 1, 1992, Barry Honeycutt arrived at the designated property with his backhoe. He drove through the fence and began knocking down trees, cutting a path 15–20 feet wide and 30–40 feet deep. The property, however, was Rosenthal's, not Grocers's.

Rosenthal heard the backhoe destroying his property, told Honeycutt he was on the wrong property, and told him to leave. Honeycutt refused, stating, "No, I'm going to continue. Grocers Supply brought me down here. I'm going to do what I'm supposed to do." Rosenthal asked Honeycutt to wait while he called Grocers to clear up the problem. After calling Grocers, Rosenthal returned to find Honeycutt still destroying his property. Rosenthal pleaded with Honeycutt to stop, but Honeycutt continued, stating, "I was hired by Grocers. They brought me down here and showed me what to do and I'm just doing my work." Rosenthal called the police and Grocers. When he told Honeycutt the police were coming, Honeycutt "threw his hands up like he was fed up and started to stand up." At that point, Honeycutt stumbled, hitting the control panel on the backhoe. This caused the bucket of the backhoe to strike and injure Rosenthal. Rosenthal sued for personal injuries only. He did not sue for property damage.

### ANALYSIS

Rosenthal asserts summary judgment was erroneous. We follow the usual standard of

review. TEX.R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

The question is: Does a company that hires an independent contractor to clear land have a duty to correctly identify the land? We hold it does.

■ Grocers asserted it owed no duty to Rosenthal because Honeycutt was an independent contractor. "The general rule is that an owner or occupier [of land] does not have a duty to see that an independent contractor performs its work in a safe manner." *Redinger v. Living, Inc.,* 689 S.W.2d 415, 418 (Tex.1985). It is the independent contractor's duty to perform its work in a safe manner. *Id.*

■ *Redinger* adopted the following rule: One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

*Id.* (citing RESTATEMENT (SECOND) OF TORTS § 414 (1965)). To create liability, the control must be more than a general right to order the work to stop or start, to inspect progress, or to receive reports. *Id.* It was.

■ Grocers admits it directed Cauley to clear the wrong property. Though Grocers *did not control how* Cauley cleared the land, it completely controlled one vital "detail": *what* land was to be cleared. That creates a fact issue on liability, both as to Grocers's responsibility for the contractor's acts and also as to Grocers's responsibility for its own error.

■ Grocers also contends that Rosenthal's injuries were not foreseeable. We hold there was a fact issue as to whether the risk of a dangerous confrontation existed from the acts of Grocers or its contractor.

The legislature has authorized the use of force "when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property." TEX. PENAL CODE ANN. § 9.41 (Vernon 1994); *see* TEX. PENAL CODE ANN. § 9.42 (Vernon 1994) (authorizing deadly force in some circumstances to prevent criminal mischief); *see also* TEX. PENAL CODE ANN. § 30.05 (Vernon 1994) (establishing the crime of criminal trespass when one enters property without consent and refuses to leave when ordered). In Texas, and probably elsewhere, one who invades another's land with a bulldozer should expect trouble like this—or worse.

Grocers contends that because Rosenthal did not rebut its independent contractor defense in the trial court, he has waived his right to do so now. We disagree. Rosenthal's response said Grocers was negligent because it told Cauley to clear the wrong property. Further, Rosenthal did not have to respond. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Grocers had to prove its defense as a matter of law. *Id.*

We reverse the judgment and remand the cause.

WILSON, J., concurs without opinion.